HERBERT & KYLE *versus* THE NASHVILLE BANK.

Where a party after being overruled on a demurrer, pleads over, he can not, if the declaration sets forth a cause of action) afterwards allege error in the judgment on such demurrer.[a]

In an action on a note, payable to a party *eo nomine*, the capacity of the latter to contract and sue is *prima facie* admitted under the plea of the general issue.

Whether the statute book of a sister state, published under the proper authority, can be read in evidence in the Courts of this State—*Quare.*[b]

But if the only testimony of an authority for the publication of such statute book, is the declarations of witnesses, *ore tenus*, the book is inadmissible.

This was an action of debt, brought in Madison County Court, against the plaintiffs in error, to recover the amount of a promissory note. The note was payable to the " Nashville Bank," and the declaration thereon was in the usual form, but contained no special averment, that the Bank was a body corporate. After a demurrer, which was overruled, the defendants, below, relied on the pleas of *nil debet* and *nul tiel corporation.*

On the issues, a verdict was had for the plaintiff. It was assigned for error in this Court—

[a] By a statute passed January 10th, 1835, it is enacted, that when a demurrer is overruled, and the party pleads over, he shall not be considered as waiving any matter embraced by the demurrer—See Aikin's Dig. 2d ed: page 618.

[b] See the case of Cox and Cox vs. Robinson, of this term.

HERBERT & KYLE *vs.* THE NASHVILLE BANK.

1. That the declaration was insufficient, containing no special averment that the Bank was a corporate body.

2d. That the Court permitted the plaintiff's counsel to read to the jury, from "Scott's edition of Tennessee laws."

*Craighead* for the Plaintiffs in error, said—that it was necessary for it to have been stated in the declaration, that the Nashville Bank was a corporation. The words "Nashville Bank," do not convey absolutely the idea of a corporation. It does not appear that there was a lawful payee. If the note had been given to an individual it would be a different thing, but this does not appear. It does not appear to be to an individual, or a proper promissee. If we reverse this case, from whom could we get costs? There is no individual, or corporate body, It being out of the State of Tennessee it should have been described as a corporation; if it had been in this State, it would have been different, but we do not know corporations of other States. Plaintiff had no authority to prove what was not alleged. The declaration did not admit of such proof. The plea was *nil debet*: this required all the proof requisite to support the cause of action.

But if we admitted we bound ourselves to pay to a corporation, yet we offered to plead *nul tiel* corporation. We can show that it forfeited its right to sue, as such, and this we were authorised to do.—18 *Johns.* 137. The plea of *nul tiel* corporation is a plea in bar—1 *Sanders,* 34. We contend, that after a plea has been overruled by the Court, they have discretion to impose costs; but the right to the plea is absolute.

(*See acts of* 1824, page 17.) The discretion extends only to the costs, and the County Court erred in refusing our plea unconditionally. Again, if the action had been well brought, and the plea well proved, the Court erred in receiving the Revised Code as evidence. The statute book is not evidence, and the act of 1828, provides the mode of certifying evidence of this nature.

The mode is different in relation to a Bank charter. The charter itself must be produced—2 *Cranch,* 168—4 *Dallas,* 415—2 *Kent's Com.* 247. We had a right to plead *nul tiel record,* and it was improperly refused. The charter itself must be produced.—*Cox's Dig.* 167.

*Brandon, contra.*—The first position seems to be one which should have arisen on the demurrer. The plea offered at that stage was a matter of discretion, and was properly rejected, which the case of *Gaines* vs. *Tombeckbee Bank,* in *Minor's Reports* will show. The defendant was estopped from denying the existence of such a corporation by making his instrument and by pleading.—4 *Cranch,* 384. It is admitted that *Scott's Digest* was printed by authority of the Legislature and this is sufficient. For this reason it was not necessary to prove before a jury that this was a corporation.—14 *Johns. Rep.* 244—1 *Peters,* 386, 395, 466—4 *ib.* 480, 501. Where a corporation sues, it is necessary to state in the declaration that the payee is a corporation, and the proof comes on the trial. This has been settled by several cases in New York. The loss of charter must be shown by an adjudication to that effect. Our statute on promissory notes has altered the Common Law. It makes a

note evidence of the debt, unless the consideration be impeached. But it is not so at Common Law—the proof of a cause of action was required to be given, but here the note is made evidence of all it purports, unless its consideration be impeached by the defendant.

The plea coming in too late, and being rejected, the parties were properly in Court, and there can be no distinction between this case, and the one in 14 *Johnson.* Making the contract, admits a contractee, and the term "Bank" is a word well understood. It is commonly a corporation, and the Court will not understand it to be a contract with a house.

At Common Law, the execution of a note was necessary to be proved under *nil debet,* but it is not so here. It is the same here, unless payee be denied on oath. It is evidence unless *nul tiel* corporation be pleaded in a proper time.—*Aik. Dig.* 67, 189, 440, 462, *sec.* 3 and 4.

COLLIER, J.—The defendant in error prosecuted an action of debt in the County Court of Madison, on a promissory note for the payment by the plaintiffs, of the sum of one hundred and eighteen dollars and sixty one cents, "to the Nashville Bank," payable at the Branch at Winchester. There is no allegation in the declaration, that the "Bank" is a body politic. The plaintiffs demurred to the declaration, and the demurrer was overruled: whereupon they pleaded by leave of the Court, *nil debet,* and proposed to plead *nul tiel corporation,* which plea, the plaintiffs refusing to verify by affidavit, was rejected by the Court. On the trial, the defendant's counsel read to the jury, from Scott's edition of the Tennessee

laws, an act incorporating the " Nashville Bank :" having first proved by the testimony of. witnesses, that the book from which he read was published by authority of the Legislature of that State; to all which the plaintiffs objected.

The questions raised upon the demurrer, to the declaration, can not now be revised. This Court has repeatedly decided, that a defendant who has pleaded over, upon his demurrer being overruled, can not allege error in the judgment on demurrer, if the declaration sets forth a cause of action. The adequacy of the cause of action disclosed in the declaration, is not questioned ; but it is insisted that the corporate character of the defendant should have been shewn by a suitable averment. The justness of this argument need not be examined, it is enough to remark, that on the general issue, the note being payable to the defendant *eo nomine*, its capability to contract and sue, is *prima facie* admitted.

Under the second section of the act of '24, " to regulate proceedings at Common Law," the Court had the right to require of the plaintiffs some evidence that the plea which was disallowed, went to the merits of the action. It was not necessarily interposed to prevent an unjust recovery, but may have been pleaded for the purpose of gaining an advantage over the defendant, because it was not prefaced with proof of a corporate character.

The view which we have taken of this case, shews the act read from the statute of Tennessee to prove a corporate character, to have been *proof superfluous.* Whether the statute book of a sister State, published under the proper authority, can be read in evidence in our Courts, is a question on which we are much

divided, and therefore decline considering it. We all, however, concur in the opinion, that if the only evidence of an authority for publication, is the declaration of witnesses, *ore tenus*, the book is inadmissible: but the corporate character of the defendant not being in issue, the judgment must be affirmed.

CRENSHAW, J.—In this case the declaration does not aver that the Nashville Bank is a body corporate, nor does the fact appear from any part of the record.

I lay it down as an incontrovertible proposition, that an action cannot be sustained without a person, plaintiff, either natural, or artificial. No one will seriously contend, that the expression "Nashville Bank," means a natural person; if then it imply such a person as could maintain an action, it must be an artificial one, and be incorporated.

The word Bank does not *ex vi termini* imply a corporation; for it may mean other things as well as a monied institution: thus, in common parlance, we say, a bank of sand, a bank of corn, as well as a bank of money: besides there have been, and are yet, Banks and other associations of individuals, for various purposes, which were never incorporated.

I have no doubt but that the Nashville Bank has been incorporated by an act of the legislature, yet as the record does not inform us of the fact, we cannot officially know it.

We are bound *ex officio* to take notice of the acts of our own State, whether they be public or private; but the acts of another State, we cannot know unless brought to our knowledge through the medium of the record.

We are bound to know that our own banks are corporations, because our laws have made them so : hence they may sue by their corporate names, without averring that they are corporations: but we cannot know that the banks in Tennessee are corporations, unless it had been so averred in the declaration.

It not appearing then from the record, that there is any plaintiff, either natural or artificial, who can sustain the action, the objection is fatal on a writ of error, whatever in other respects may have been the state of the pleadings. For there is a manifest distinction between an improper or disabled party and no party at all. An objection on the first ground may be waived by pleading to the merits of the action ; but where there is no party, as in the case before us, the objection is fatal, even after verdict and judgment.

I am aware that this Court at an early period of its existence decided, that if a party plead over to the merits of the action after his demurrer has been overruled, he thereby abandoned his cause of demurrer, and could not afterwards assign it as error in this Court. Not believing this ever to have been the law, I for one am now prepared to overrule that principle of decision, and to settle the law on its true ground. It cannot comport with reason and justice, nor is it good law, that by pleading over the party shall be placed in a worse condition than if he had not demurred, the Court having erroneously overruled his demurrer.

I am also of opinion that it was erroneous to receive evidence of the statute of Tennessee by which the Nashville Bank was incorporated.

1st. Because there being no averment in the declaration, that the Nashville Bank was a body corporate, under the state of the pleadings, no evidence of the statute was receivable. For evidence could not cure or supply the omission of a material averment in the declaration, and which averment was necessary to make out a legal plaintiff to the action.

2d. Because if evidence of the statute was receivable, yet the evidence offered was illegal and inadmissible: for I hold that there are but two modes by which the statute of another State can be proved or become authentic testimony in our Courts, viz.

1st. Under the seal of the State from which the statute comes, pursuant to the provision of the act of Congress, and

2d. A certified copy by our Secretary of State, according to the provision of our act of Assembly.

These two modes of authenticating the statutes of other States being prescribed by Congress and by our legislature, are sufficient of themselves for every purpose of evidence, and do virtually supersede the more doubtful and uncertain mode which it is alleged to have been the practice under the Common Law.

I am for a total reversal.

PERRY, J. not sitting.